**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID TAING, | : | CIVIL ACTION NO. 07-3633 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| LA BEAUTE SALON & SPA, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 18, Order To Show Cause ("OTSC")); and the plaintiff (1) bringing this action on August 3, 2007, to recover damages under state law against the defendants (a) La Beaute Salon & Spa, Inc. ("LBI"), (b) Thai Tran, and (c) Loan Nguyen, and (2) asserting — and bearing the burden of demonstrating — jurisdiction under Section 1332 (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and the plaintiff seeking to add as defendants — and assert state law claims against — (1) La Beaute Salon & Spa, LLC ("LBLLC"), (2) Ngoc Nguyen, and (3) Thanh Nguyen (dkt. entry no. 17, Mot. to Amend Compl., Ex. A, Am. Compl.); and

**IT APPEARING** that the plaintiff is a Pennsylvania citizen (Compl. at 1); but the plaintiff alleging that each individual

defendant and potential individual defendant — Thai Tran, Loan Nguyen, Ngoc Nguyen, and Thanh Nguyen ("Individual Defendants") — is a "citizen and resident of the State of New Jersey with an address for service at 1311 Route 37 East, Toms River, New Jersey" (Compl. at 1; Am. Compl. at 2); and it appearing that the aforementioned address is the place of business for both LBI and LBLLC (Compl. at 1; Am. Compl. at 1-2); and the Court being concerned that the alleged address of the Individual Defendants is their business address only; and it appearing that allegations as to where a party resides, is licensed, or has a place of business — as opposed to is a citizen or domiciled — will not properly invoke the Court's jurisdiction, see Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and

**THE PLAINTIFF** alleging that LBLLC is a New Jersey corporation with a New Jersey principal place of business (Am. Compl. at 1-2); but it appearing that LBLLC is a limited liability company, which is (1) an unincorporated association, and (2) deemed to be a citizen of each state in which its members are citizens, not the states in which it was formed or has its principal place of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); and

**IT APPEARING** that a jurisdictional challenge generally is measured "against the state of facts that existed at the time of

filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); but it appearing that the citizenship of a later-added party must be considered if that party had an interest — and thus should have been named — when the action was brought initially, Am. Fiber & Finishing v. Tyco Healthcare Group, 362 F.3d 136, 139-41 (1st Cir. 2004); see Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 704-05 (3d Cir. 1996) (stating complaint to be dismissed if non-diverse party was indispensable when complaint was first filed); and

**THE COURT**, due to the plaintiff's deficient allegations, being unable to discern whether he is deemed to be a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that "subject matter jurisdiction is never waived", Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004); and the Court thus advising the plaintiff of the intention to dismiss the complaint for lack of jurisdiction unless he properly (1) addressed the Court's concerns as to the citizenship of each Individual Defendant, (2) listed the names and analyzed the citizenship of each member of LBLLC, and (3) demonstrated that jurisdiction under Section 1332 existed (see OTSC); and

**COUNSEL** for the Individual Defendants, LBI, and LBLLC demonstrating that (1) LBLLC existed before the plaintiff commenced the action, and should have been named as a defendant when the plaintiff commenced the action, and (2) Ngoc Nguyen and Thanh Nguyen are members of LBLLC and were Pennsylvania citizens when the action was commenced (dkt. entry no. 20, Defs. Br. at 2-4; id., Ex. A, Certificate of LBLLC Formation (issued by State of New Jersey on July 31, 2007, and listing Ngoc Nguyen and Thanh Nguyen as members)); and it appearing that the plaintiff's argument — in view of the aforementioned documentation — that LBLLC was "created . . . in an attempt to intentionally destroy diversity jurisdiction" and to "manipulate jurisdiction in a case that had been pending in federal court for almost a year" is without merit (dkt. entry no. 19, Pl. Br. at 1); and thus it appearing that jurisdiction under Section 1332 is lacking here, as the plaintiff, LBLLC, Ngoc Nguyen, and Thanh Nguyen are deemed to be citizens of the same state; and the Court thus intending to (1) grant the order to show cause, and (2) dismiss the complaint; but

**THE PLAINTIFF** being advised that the dismissal is without prejudice to recommence the action in state court within thirty days of the dismissal, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007);

<u>Galligan v. Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                 s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge

Dated:  December 12, 2008